**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| Shenzhen Jisu Technology Co., Ltd., <br><br> *Plaintiff,* <br><br> *v.* <br><br> The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associates Identified on Schedule A, <br><br> *Defendants.* | Case No.: 1:24-cv-07647 <br><br> **Hon. Jeremy C. Daniel** |

**PLAINTIFF'S MOTION FOR MISCELLANEOUS RELIEF**

Plaintiff Shenzhen Jisu Technology Co., Ltd. ("Jisu") submits this motion for an order for Bishop & Diehl ("BDL") to release Jisu's settlement funds. For the reasons set forth below, Jisu respectfully requests that the Court order that BDL: (i) provide an accounting of Jisu's settlement funds; (ii) provide documents relating to Jisu's settlement funds; and (iii) release Jisu's settlement funds.

**Procedural History**

1. Jisu was originally represented by BDL in this case when it was filed on August 23, 2024. The following BDL attorneys entered appearances: Edward Bishop, Nicholas Lee, Benjamin Campbell and Sameeul Haque.

2. On January 24, 2025, BDL, on behalf of Jisu, filed a motion for default judgment. (ECF Nos. 64-66).

3. On or about January 27, 2025, Mr. Lee left BDL.

4.      On January 30, 2025, the Court granted Jisu's motion for default judgment and entered a Default Judgment Order ("Default Judgment"). (ECF No. 67).

5.      On February 14, 2025, Messrs. Bishop, Campbell and Haque of BDL ("BDL Attorneys") filed a motion to withdraw as Jisu's counsel (ECF Nos. 69, 70), which was subsequently granted on February 19, 2025. (ECF No. 71, 72).

6.      On March 3, 2025, Mr. Lee updated his contact information by filing a notice with the Court. (ECF No. 73).

7.      On May 27, 2025, John Choi moved to substitute as Jisu's counsel, which was granted the next day. (ECF Nos. 78, 79).

8.      On October 9, 2025, certain defendants in this action moved for an order for BDL to release funds collected from Walmart, wrongfully obtained through the Default Judgment. (ECF No. 83).

9.      On October 16, 2025, the Court granted the defendants' motion. (ECF No. 92).

**Relevant Facts**

10.     Before this case was filed, Jisu appointed Zhang Heng (a/k/a Henry Rich)'s company, Lianyungang West Cross Border E-Commerce Service Co., Ltd. d/b/a Weisite, as Jisu's exclusive agent to handle all U.S. litigation matters on Jisu's behalf. (Xie Decl. ¶ 5).

11.     Weisite has full and complete authority to make decisions on Jisu's behalf, and to collect settlement funds on Jisu's behalf. (Xie Decl. ¶ 6).

12.     Weisite, on behalf of Jisu, retained BDL to file the present case, in addition to several other cases, and agreed that a certain percentage of all funds collected by BDL in this case ("Jisu's Funds") would be forwarded to Weisite on a monthly basis. (Zhang Decl. ¶ 10).

2

13. The last report and settlement fund disbursement was received by Weisite in or about early January 2025, which included purported settlement funds collected by BDL up to and including December 31, 2024. No other settlement reports or settlement funds for this case were sent by BDL since then. (Zhang Decl. ¶¶ 11-12).

14. Since then, BDL has collected funds from Walmart against certain defaulting defendants (Choi Decl. Exh. 1), and has likely collected settlement funds from other defendants, as evidenced by the notices of voluntary dismissals filed by BDL. (See, e.g., filed ECF Nos.59-63 and 68).

15. Based on a review of the file conducted by Jisu's present counsel, John Choi, settlement funds received by BDL prior to December 31, 2024 are also unaccounted for. (Choi Decl. ¶ 7).

16. Jisu is also unable to determine whether BDL received additional funds from third-party payment processors through the execution of the Default Judgment. (Choi Decl. ¶ 7).

17. On August 12, 2025, Jisu's Legal Director, Norman Xie, emailed John Choi, Jisu's current outside counsel, instructing him to request BDL to release Jisu's settlement funds. (Xie Decl. Exh. A). That email was forwarded to BDL with a request that BDL comply. (Choi Decl. Exh. __).

18. Despite numerous requests, BDL refuses to distribute Jisu's agreed portion of collected settlement funds. (Choi Decl. Exhs. 2-4).

## Legal Standard

19. "A lawyer must not, even temporarily, use funds or property of clients or third persons for the lawyer's own purposes without authorization." Illinois Rule of Professional Conduct ("RPC") 1.15(a).

20. "Upon receiving funds or property in which a client or third person has an interest, a lawyer must promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer must promptly deliver to the client or third person any funds or property that the client or third person is entitled to receive. Upon request by the client or third person, a lawyer must promptly render a full accounting regarding such funds or property." RPC 1.15(e).

21. "When in the course of representation a lawyer is in possession of funds or property in which two or more persons (one of whom may be the lawyer) claim interests, the funds or property must be kept separate by the lawyer until the dispute is resolved. The lawyer must promptly distribute all portions of the funds or property as to which the interests are not in dispute." RPC 1.15(f).

**Argument**

22. Jisu's counsel has repeatedly instructed BDL to release Jisu's Funds. (Choi Decl. Exhs. 2-4). Those instructions included an email from Jisu to Jisu's counsel specifically requesting that Jisu's counsel demand that Jisu's Funds be released by BDL. (Choi Decl. Exh. 3 – August 12 email; Declaration of Norman Xie ("Xie Decl.") Exh. A). However, BDL has refused to do so.

23. More recently, pursuant to RPC 1.15(e), Jisu's counsel requested that BDL provide an accounting of settlement funds owed to Jisu, and IOLTA bank statements so Jisu could confirm that BDL still possesses the settlement funds. BDL has refused and has not confirmed whether the settlement funds are still available. (Choi Decl. Exh. 4 – October 9 emails).

24. Instead, BDL uses its dispute with Mr. Lee and Mr. Rich in Case No. 1:25-cv-05395 (N.D.Il.) as an excuse not to release Jisu's Funds. However, the issue is not relevant here. Jisu's

portion of the funds collected by BDL in this case are not in dispute and therefore, those funds should have been promptly distributed as instructed by Jisu. RPC 1.15(f).

25.     Clearly, there is no bona fide dispute over Jisu's Funds and therefore, BDL should have forwarded those funds to Jisu as agreed.

26.     Simply put, RPC 1.15 requires that BDL release Jisu's Funds.

27.     Clearly, Jisu's present motion would have been unnecessary had BDL complied with RPC 1.15.  Moreover, Jisu's involvement in the defendants' motion to collect their funds (ECF No. 83) would have been unnecessary but for BDL's acts.  Therefore, Jisu is entitled to attorney's fees associated with both motions.

### Conclusion

WHEREFORE, Jisu respectfully requests that the Court enter an Order:

(i)     granting Jisu's present motion in its entirety;

(ii)    that within 7 days, BDL produce documents to Jisu sufficient to show an accounting of all funds collected in this case, including but not limited to:

(a) a summary showing collection date, defendant identity and amount;

(b) final settlement agreements associated with each transaction; and

(c) BDL's trust account (IOLTA) bank statements since December 1, 2024;

(iii)   that within 7 days of the deadline for (i) above, Jisu submit a Proposed Order to the Court by email;

(iv)    awarding Jisu attorney's fees for the present motion and for responding to the defendants' motion (ECF No. 83); and

(v)     granting such other and further relief as the Court deems just and proper.

Dated: October 23, 2025                         Respectfully submitted,

                                                */s/ John H. Choi*
                                                John H. Choi (Bar ID: 013482003)
                                                JOHN H. CHOI & ASSOCIATES LLC
                                                65 Challenger Road, Suite 100
                                                Ridgefield Park, NJ 07660
                                                  Email: jchoi@jchoilaw.com
                                                Tel:    (201) 580-6600
                                                Fax:   (201) 625-1108

                                                *Counsel for Plaintiff Shenzhen Jisu*
                                              *Technology Co., Ltd.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 23, 2025 all counsel of record who are deemed to have consented to electronic service, including counsel for Bishop & Diehl, Ltd., are being served with a copy of this document via the Court's CM/ECF system

                                              */s/ John H. Choi*
                                              John H. Choi